UNITED STATES of America, Plaintiff-Appellee,

v.

Brenda Maria MENDOZA-BOJORQUEZ, Defendant-Appellant.

No. 16-10113

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 10, 2017 San Francisco, California

Filed July 27, 2017

Ryan P. DeJoe, Assistant U.S. Attorney, USTU-Office of the US Attorney, Tucson, AZ, Charisse Arce, United States Department of Justice, Office of Attorney General, Tucson, AZ, for Plaintiff-Appellee

Matthew C. Davidson, Esquire, Attorney, Law Office of Matthew C. Davidson, Nogales, AZ, for Defendant-Appellant

Before: GRABER and FRIEDLAND, Circuit Judges, and GUILFORD,* District Judge.

MEMORANDUM **

Brenda Mendoza-Bojorquez appeals her convictions for conspiracy with intent to distribute, possession with intent to distribute, conspiracy to import, and importation of methamphetamine. We affirm.

* The Honorable Andrew J. Guilford, United States District Judge for the Central District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

The district court did not abuse its discretion in denying the motion for a new trial. Like the district court, we have reviewed the Government's information about the confidential source *in camera.* Even if we assume that information that a district court had already reviewed *in camera* could count as newly discovered evidence for the purposes of a new trial motion, the source's identity and potential testimony do not "indicate[ ] the defendant would probably be acquitted in a new trial." *See United States v. King,* 735 F.3d 1098, 1108 (9th Cir. 2013) (quoting *United States v. Berry,* 624 F.3d 1031, 1042 (9th Cir. 2010)).

The district court also did not abuse its discretion in denying the motion to substitute counsel. The district court held a hearing in which it asked Mendoza-Bojorquez and her counsel questions targeted at understanding the source and extent of the alleged conflict between them. *See United States v. Reyes-Bosque,* 596 F.3d 1017, 1034 (9th Cir. 2010). Based on their answers, the court determined that, contrary to Mendoza-Bojorquez's assertions, she and her counsel were able to communicate. The court also concluded that Mendoza-Bojorquez's discomfort resulted more from her counsel's tactical decisions and his legal assessment of her case than from a true breakdown in communications. *See United States v. McKenna,* 327 F.3d 830, 843-44 (9th Cir. 2003); *United States v. Roston,* 986 F.2d 1287, 1292-93 (9th Cir. 1993).

The district court also found the motion untimely. Mendoza-Bojorquez made her request about ten days before trial. While this timing may in some cases be timely, *see United States v. Velazquez,* 855 F.3d 1021, 1036-37 (9th Cir. 2017), here, she testified that her concerns about her attorney were longstanding, and she did not offer any explanation for the delay in raising those concerns. In addition, a material witness had been paroled into the country and was in custody for the trial, meaning that a continuance would prolong the time he spent in custody. In these circumstances, the district court did not abuse its discretion by denying the motion to substitute counsel.[1]

"[T]he customary procedure in this Circuit for challenging the effectiveness of defense counsel in a federal criminal trial is by collateral attack on the conviction under 28 U.S.C. § 2255." *United States v. Hanoum,* 33 F.3d 1128, 1131 (9th Cir. 1994) (quoting *United States v. Schaflander,* 743 F.2d 714, 717 (9th Cir. 1984) (per curiam)); *see United States v. Rahman,* 642 F.3d 1257, 1259-60 (9th Cir. 2011). We decline to depart from our custom to consider Mendoza-Bojorquez's ineffective assistance of counsel claim on direct review.

**AFFIRMED.**

---

1. At oral argument, counsel contended that the district court erred procedurally by failing to question Mendoza-Bojorquez outside the presence of her attorney. Mendoza-Bojorquez did not make this argument in her briefs, and thus she waived it. *See Harger v. Dep't of Labor,* 569 F.3d 898, 904 n.9 (9th Cir. 2009) (argument raised for first time at oral argument is waived).